**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natasha York, *et al.*, | No. CV-21-01130-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Dave & Buster's Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendants Dave & Buster's, Inc. and Dave & Buster's Management Corp.'s Motion to Compel Arbitration, Strike Class and Collective Claims, and Stay Proceedings Pending Plaintiffs' Individual Arbitrations (Doc. 21, Mot.), to which named Plaintiffs Natasha York and Gery Pearson filed a Response (Doc. 29, Resp.) and Defendants filed a Reply (Doc. 30, Reply).

## I.  BACKGROUND

Plaintiff Natasha York began working for Defendants' entertainment and dining venue in Glendale, Arizona on or around July 30, 2019. As part of her employment intake process, she electronically signed Defendants' 2018 version of an Arbitration Agreement, by which she agreed with Defendants to arbitrate any claims arising out of her employment under the rules of the American Arbitration Association (AAA) on an individual basis, waiving any right for a claim to be heard as a collective action. (Doc. 22, Mot. Ex. 1, Walters Decl. Exs. C, D.) York's employment terminated on February 2, 2020.

Plaintiff Gery Pearson began working for Defendants' El Paso, Texas venue in March 2016. As part of her employment intake process, she electronically signed Defendants' 2016 version of an Arbitration Agreement, which like the 2018 version provides that she agreed with Defendants to arbitrate any claims arising out of her employment under the rules of the AAA on an individual basis, waiving any right for a claim to be heard as a collective action. (Mot. Ex. 1, Walters Decl. Exs. C, D.) Pearson's employment terminated on November 8, 2020.

Plaintiffs filed a Collective Action and Class Action Complaint on June 29, 2021, raising claims against Defendants for failure to pay the minimum wage under (1) the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206, and (2) the Arizona Minimum Wage Act (AMWA), A.R.S. § 23-363. (Doc. 1, Compl.) Defendants now move to compel arbitration under the Arbitration Agreements, strike the collective and class action claims as brought in contravention of the Arbitration Agreements, and stay these proceedings pending the results of the individual Plaintiffs' arbitrations.

## II.    LEGAL STANDARD

To resolve a motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, a district court must resolve two gateway issues: (1) whether the parties entered into a valid agreement to arbitrate, and (2) whether the arbitration agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). Where the arbitration agreement is a part of a more extensive contract between the parties, "the sole question is whether the arbitration clause at issue is valid and enforceable under § 2 of the [FAA]," and "federal courts may not address the validity or enforceability of the contract as a whole." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 937 (9th Cir. 2001). The FAA "mandates that federal courts rigorously enforce agreements to arbitrate." *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 940 (D. Ariz. 2011) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to

arbitration on issues as to which an arbitration agreement has been signed." *Id.* (internal quotation and citations omitted). "In construing the terms of an arbitration agreement, the district court applies general state-law principles of contract interpretation, while giving due regard to federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Id.* (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)).

## III.    ANALYSIS

In the Response to Defendants' Motion, Plaintiffs do not dispute that York entered into a valid, enforceable Arbitration Agreement with a class and collective action waiver. Accordingly, the Court will grant Defendants' Motion to Compel Arbitration with regard to York.

As for Pearson, Plaintiffs argue that the Arbitration Agreement does not contain a signature on behalf of Defendants and is thus not a valid, enforceable agreement. (Resp. at 14-18.) As Defendants point out, there is no dispute Pearson electronically signed and agreed to the Arbitration Agreement. With regard to Defendants' signature, Defendants argue both that Texas law does not require their signature as a condition precedent to the formation of an arbitration agreement that an employer proposed to an employee as a condition of employment, *see Wright v. Hernandez*, 49 S.W. 744, 756-61 (Tex. App. 2015), and that the form and text of the Arbitration Agreement itself indicate that Defendants' signature was not required. (Reply at 5-9.)

As compelling as Defendants' arguments are, the Court need not resolve this question, because the Arbitration Agreement (which Pearson signed in agreement) provides that the arbitrator "shall have exclusive authority to resolve any dispute relating to . . . formation of this Agreement." (Mot. Ex. 1, Walters Decl. Ex. C at 14.) The Supreme Court has stated that "parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). Because

1    Pearson agreed to delegate the question of arbitrability to the arbitrator, the Court will grant

2    Defendants' Motion to Compel Arbitration with regard to Pearson.

3          Plaintiffs make the additional argument that because Defendants did not move to

4    compel arbitration for the 19 purported opt-in Plaintiffs (*see* Doc. 8), the Court should deny

5    Defendants' Motion to Compel Arbitration. (Resp. at 4-7.) Relatedly, Plaintiffs argue that

6    the 2014 arbitration agreement is unenforceable, even though neither named Plaintiff

7    signed that agreement so it is not before the Court. (Resp. at 7-14.) These arguments are

8    built on improper premises.

9          To begin with, the named Plaintiffs—York and Pearson—brought a collective and

10   class action to this Court in direct contravention of the Arbitration Agreements they signed,

11   which contained express collective and class action waivers. It is unclear to the Court how

12   the named Plaintiffs are proper plaintiffs in this collective action, having waived their right

13   to bring such an action. Indeed, upon this Order compelling York and Pearson to individual

14   arbitrations, the lawsuit is left without lead plaintiffs capable of a collective action. The

15   purported opt-in Plaintiffs are attempting to use the tools of a collective action to become

16   a part of this lawsuit that was in essence improperly brought as a collective action. For

17   these reasons, the Court will grant Defendants' request to strike the class and collective

18   action claims in this matter. *See Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415-19

19   (2019).

20         Even if the claims of the opt-in plaintiffs are somehow properly before the Court

21   based on the lawsuit of Plaintiffs who agreed not to bring a collective action, the Court also

22   finds no merit to Plaintiffs' argument that the opt-in plaintiffs are now not compelled to

23   arbitrate because Defendants did not include them in their Motion to Compel Arbitration

24   directed at the named Plaintiffs, York and Pearson. Plaintiffs provide no legal support for

25   the proposition that by not addressing the purported opt-in plaintiffs in their Motion,

26   Defendants somehow waived the right to seek a court order compelling those plaintiffs to

27   arbitration. Furthermore, the absence of a motion to compel arbitration does not obviate

28   the enforceability of the underlying arbitration agreements the purported opt-in plaintiffs

may have agreed to. More generally, a court order compelling compliance with the terms of a valid, enforceable contract is not required for a contracting party to comply with the contract; otherwise, the operation of the Court would grind to a halt. A failure to comply with a valid and enforceable arbitration agreement may only be premised on a meritorious defense to the validity or enforceability of the agreement.[1]

Defendants ask the Court to stay this matter pending the outcome of the individual arbitrations of York and Pearson. Under the Federal Arbitration Act, 9 U.S.C. § 3, the Court is directed to enter a stay to litigation after compelling arbitration under a valid arbitration agreement if a party requests such a stay. The Court will thus grant Defendants' request, but not indefinitely.

**IT IS THEREFORE ORDERED** granting Defendants Dave & Buster's, Inc. and Dave & Buster's Management Corp.'s Motion to Compel Arbitration, Strike Class and Collective Claims, and Stay Proceedings Pending Plaintiffs' Individual Arbitrations (Doc. 21).

**IT IS FURTHER ORDERED** compelling Plaintiffs York and Pearson to individual arbitrations under the terms of the Arbitration Agreements they signed.

**IT IS FURTHER ORDERED** striking the class and collective claims in this matter.

**IT IS FURTHER ORDERED** staying this matter for a limited period of time, to be determined by the parties' progress in engaging in and completing the arbitration process. The parties shall file a joint status report by December 2, 2022, or within one week of a final arbitration decision, whichever is sooner.

Dated this 3rd day of June, 2022.

Honorable John J. Tuchi
United States District Judge

---

[1] Here, at the very least, York has no such defense.

- 5 -